UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------
In re

    JAMIE L. FAULRING                            16-11915 B

                    Debtor                        <u>DECISION & ORDER</u>
------------------------------------------------

                          Christopher James Grover
                          Jeffrey Freedman Attorneys
                          424 Main Street, Suite 622
                          Buffalo, NY 14202-3593
                          Attorney for the Debtor

                          David F. Butterini
                          919 Kenmore Avenue
                          Buffalo, NY 14223
                          Attorney for Creditor Brian Blatner

Bucki, Chief U.S.B.J., W.D.N.Y.

      A judgment creditor opposes a motion that the debtor has brought under 11 U.S.C. § 522(f) to avoid the fixing of liens. At this stage of the proceeding, we address only the creditor's initial argument, that the homestead exemption is limited to the debtor's residence and does not extend to adjacent structures and undeveloped land.

      Jamie L. Faulring filed a petition for relief under Chapter 13 of the Bankruptcy Code on September 30, 2016. On schedules filed with that petition, the debtor acknowledged ownership of three contiguous parcels of real property on State Road in the Town of Colden. He further asserted that the properties are exempt as a homestead under the provisions of 11 U.S.C. § 522(d)(1). Collectively, these parcels are encumbered by delinquent property taxes, by two outstanding mortgages, and by seven judgments. Shortly after the bankruptcy filing, pursuant to 11 U.S.C. § 522(f), Faulring filed a motion to avoid the judgment liens. Brian Blatner, the most senior of the judgment

creditors, objects to the requested relief on two grounds. First, he contends that the debtor's homestead exemption does not extend to certain parts of his real estate, to the effect that the judgment will survive as a lien on the non-exempt portion. Second, Blatner asserts that even if the debtor's exemption could extend to the entire property, the value of its equity exceeds the limits of the statutory exemption. Hoping to avoid the cost of appraisal testimony, the parties agreed to defer argument on the later objection. Consequently, at this time, we address only the creditor's first contention regarding the proper reach of a homestead exemption under section 522(d)(1) of the Bankruptcy Code.

At an evidentiary hearing on this matter, the court heard testimony regarding the character and use of the debtor's real estate. Altogether, the subject real estate is divided into three parcels. The first contains three structures: the home in which Faulring resides, a separate house that he rents to tenants, and a pole barn in which he stores vehicles. The second parcel was acquired by a prior owner as a buffer at the time of the pole barn's construction. The third parcel is a wooded lot of approximately 65 acres, on which Faulring will occasionally hunt and retrieve firewood. The headwaters of Cazenovia Creek run adjacent to State Road and separate most of the debtor's property from that highway. The land's only access requires passage over a small private bridge. Faulring proposes to treat the three parcels collectively as a homestead. The creditor contends that the homestead exemption extends only to the house in which Faulring resides.

Section 522(b)(2) of the Bankruptcy Code grants to each state the option to specify its own standards for the exemption of property from administration in a bankruptcy case. In January of 2011, New York amended the Debtor and Creditor Law to allow debtors in bankruptcy the option either to rely on exemptions under state law, or to use the federal exemptions as stated in 11 U.S.C. § 522(d). N.Y. DEBT. & CRED. LAW § 285 (McKinney 2012). In the present instance, Jamie Faulring elected to claim the federal exemptions, and to rely exclusively on 11 U.S.C. § 522(d)(1) as the basis for

exemption of his real property.  Consequently, this opinion has no application either to an election of exemptions under New York State law or to a claim of exemption under some other provision of federal law, such as the "wild card" provisions of 11 U.S.C. § 522(d)(5).

Section 522(d)(1) of the Bankruptcy Code allows an exemption for the "debtor's aggregate interest, not to exceed $23,765 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence. . . . . "  Although the Bankruptcy Code does not define "residence" as a separate term, we find helpful guidance from the statutory definition of "debtor's principal residence."  In relevant part, 11 U.S.C. § 101(13A) states that "[t]he term 'debtor's principal residence' – (A) means a residential structure if used as the principal residence by the debtor, including incidental property, without regard to whether that structure is attached to real property."  For the meaning of incidental property, we then turn to 11 U.S.C. § 101(27B):

> 'The term 'incidental property' means, with respect to a debtor's principal residence – (A) property commonly conveyed with a principal residence in the area where the real property is located; (B) all easements, rights, appurtenances, fixtures, rents, royalties, mineral rights, oil or gas rights or profits, water rights, escrow funds, or insurance proceeds; and (C) all replacements or additions."

Whether one speaks of a residence or of a principal residence, the same essential concepts of residence and incidental property should apply.

For purposes of a legal description, the debtor's real property consists of three lots.  Such separations are purely artificial, however, and do not necessarily limit or define the scope of exemption.  At times, a large lot may encompass both exempt and non-exempt uses.  On other occasions, exemptible property may straddle multiple lots.  The deciding issue is whether property qualifies as exempt, without regard to its inclusion within the metes and bounds of one or more designated parcels.  In the present instance, the debtor's real estate includes land that is used for four distinct purposes.

These include a residence of the debtor, a separate rental building, a pole barn, and 65 acres of wooded land.

The structure in which the debtor lives is *per se* a residence that the debtor may exempt under 11 U.S.C. § 522(d)(1).  The court is also persuaded that with the residence, an owner might commonly acquire a garage or other like structures for the storage of vehicles.  Hence, the pole barn is similarly exempt as property incidental to the debtor's residence.  *Cf. In re Irene*, 359 B.R. 435 (Bankr. W.D.N.Y. 2007).  However, neither the stand-alone rental unit nor the 65 acres of undeveloped land would satisfy the definition of "incidental property," as stated in 11 U.S.C. § 101(27B).  Specifically, the debtor makes no showing that either of these portions of his property are of a type that is typically conveyed with residences in the area.  The rental unit and acreage are also readily identifiable apart from the debtor's home, and therefore do not qualify as mere additions to the residence.

The debtor argues that his real estate must be treated as a single exempt parcel, by reason of limitations of access over a small private bridge.   Unlike the New York State standard which allows a homestead exemption for "a lot of land with a dwelling thereon," N.Y. C.P.L.R. § 5206(a)(1)(McKinney Supp. 2013), the federal statute extends the homestead exemption only to property that the debtor "uses as a residence."  11 U.S.C. § 522(d)(1).[1]  Here, where the debtor chose to claim the federal standard, we must define an exempt homestead by its use, without regard to accessibility.  Because the debtor does not use the rental unit and undeveloped acreage as his residence, they are not exempt under section 522(d)(1) of the Bankruptcy Code.

---

[1] The present opinion addresses only the limits of an exemption claimed under 11 U.S.C. §522(d)(1).  We express no view on the issue not now before us, namely the extent to which the debtor's real property would be treated as a single lot under N.Y. C.P.L.R. §5206(a)(1).

We agree fully with the holding of the court in *Lanier v. Beaman*, 394 B.R. 382, 384 (E.D.N.C. 2008): "'residence' . . . does not include all land that the debtors own and use adjacent to their own." Hence, the sporadic use of undeveloped land will not transform it into property incidental to the debtor's residence. Similarly, the separate, free-standing rental unit serves as a residence for someone else, not the debtor, and is therefore not exempt.[2]

## Conclusion

For the reasons stated herein, the debtor's claim of an exemption under 11 U.S.C. § 522(d)(1) does not extend to the separate dwelling that he rents to a third party, or to the 65 acres of undeveloped property that adjoin the lot on which he resides. Accordingly, the motion is denied to the extent that it seeks to avoid the fixing of judgment liens on either of these non-exempt portions of his real estate. With regard to the debtor's residence and pole barn, the court will defer decision on the avoidance of liens until such time as the parties present proof on whether this exempt property has value in excess of unavoidable liens and the allowable amount of exemption. For the purpose of scheduling further proceedings to resolve these remaining issues, we invite the parties to appear at the time now set for the adjourned hearing on confirmation.

So ordered.

Dated:      Buffalo, New York                       /s/ Carl L. Bucki
            August 30, 2017                         _____
                                                    Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.

---

[2] We do not here question the outcome of *In re Rupp*, 415 B.R. 72 (Bankr. W.D.N.Y. 2008), which applied N.Y. C.P.L.R. § 5206 to allow a debtor to fully exempt a two-family home in which the debtor occupied one unit and rented the other. Not only do we here deal with a different statute, but the rental unit stands apart from the debtor's residence.